IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cv-3347-DWD |
| | ) | |
| JANICE AUGUSTINE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING
## MOTION FOR THE ENTRY OF A CONSENT DECREE AND FINAL JUDGMENT

The parties informed the Court that an agreement was reached for the resolution of this case. That agreement is memorialized in a Proposed Consent Decree and Final Judgment, which indicates the parties wish to resolve Plaintiff's allegations without litigation. Therefore, the parties jointly request and consent to the entry of the Proposed Consent Decree and Final Judgment without Defendant's admission of liability or wrongdoing. The parties also represent that Defendant entered the Proposed Consent Decree and Final Judgment freely and without coercion, has read and understands the provisions of that document, and is prepared to abide by its provisions.

The entry of a consent decree, which sets out the terms of the parties' settlement agreement and is enforceable by the Court, is a discretionary exercise. *See U.S. v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002) ("A consent decree is a court order," akin to a contract, "that embodies the terms agreed upon by the parties as a compromise to litigation."). A consent decree may be granted by the Court if it is consistent with the Constitution and laws, does not undermine the interests of third parties, and is an

appropriate use of the Court's limited judicial resources. *See Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987); *accord State v. City of Chicago*, 912 F.3d 979, 988-87 (7th Cir. 2019).

Further, a consent decree functions as an injunction, so it must comply with the requirements of Federal Rule of Civil Procedure 65(d). *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377-82 (1994); *Blue Cross & Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 636 (7th Cir. 2006) (explaining that a court order entering judgment to enforce the parties' settlement agreement is an injunction that must satisfy Rule 65(d)). Under Rule 65(d), orders granting an injunction must state the reasons for its issuance, the specific terms, and a reasonably detailed description of the act or acts restrained or required without simply referring to the complaint or other documents. *See* Fed. R. Civ. P. 65(d); *see also Dupuy v. Samuels*, 465 F.3d 757, 758 (7th Cir. 2006) (explaining that Rule 65(d) "requires that an injunction be a self-contained document rather than incorporate by reference materials in other documents").

Now, the Court, having reviewed Plaintiff's Motion for the Entry of a Consent Decree and Final Judgment ("Motion") (Doc. 15) and the Proposed Consent Decree and Final Judgment, **FINDS** the above-discussed authorities are satisfied in this case. Therefore, the Court **GRANTS** the Motion. The entry of the Consent Decree and Final Judgment will be effectuated by the Court's signature on the Proposed Consent Decree and Final Judgment, and its subsequent entry on the docket in this case.

**SO ORDERED**.

Dated: December 18, 2023

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge